```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION

Dishawn A. Jackson,             :

       Plaintiff,               :

    v.                          :     Case No. 2:16-cv-977

Old Dominion Freight Line,      :     JUDGE ALGENON L. MARBLEY
                                      Magistrate Judge Kemp
       Defendant.               :
```

## REPORT AND RECOMMENDATION

Plaintiff Dishawn A. Jackson filed this action in the Franklin County, Ohio Court of Common Pleas, asserting claims against Defendant Old Dominion Freight Line, his former employer. According to the complaint, Mr. Jackson was fired for allegedly fighting on company property and creating a hostile work environment. He asserts, however, that his firing was motivated by his use of FMLA leave, and also that he was not given a proper COBRA notice. The complaint contains state law claims as well. Old Dominion removed the case under 28 U.S.C. §1441(b), asserting in the notice of removal (Doc. 1) that this is a case over which the federal courts would have original jurisdiction under 28 U.S.C. §1331. That statute gives United States District Courts jurisdiction to hear cases "arising under the Constitution, laws, or treaties of the United States." Mr. Jackson has now filed a motion to remand the case to the state court. That motion is referred to the Magistrate Judge for a Report and Recommendation under Columbus Division Order 14-01(IV)(C)(2).

In his motion to remand, Mr. Jackson argues that he worked and lived in the same state of which Old Dominion is a resident and, as a result, removal was improper. That is not a valid argument. "In determining removal jurisdiction under § 1441, as in determining original 'arising under' jurisdiction, federal courts apply the 'well-pleaded complaint' rule, pursuant to which

'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Long v. Bando Mfg. of America, Inc., 201 F.3d 754, 758 (6th Cir. 2000), quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Mr. Jackson has pleaded two separate claims in his complaint which arise directly under federal statutes; his FMLA retaliation claim arises under the Family Medical Leave Act, 29 U.S.C. §§2601 et seq., and his COBRA claim arises under the Comprehensive Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. §§1161-1666.  Since these claims arise directly under federal law and appear on the face of the complaint, there is no question that this case is one over which a federal court would have jurisdiction under 28 U.S.C. §1331.

What Mr. Jackson appears to be asserting is that if he and Old Dominion are both citizens or residents of the same state - in other words, that there is no diversity of citizenship - removal was improper.  However, when a federal question is involved in a case, it is not necessary for the parties to be diverse.  See Caterpillar, supra ("Absent diversity of citizenship, federal-question jurisdiction is required"); Arrington v. Medtronic, Inc., 130 S.Supp. 3d 1150, 1158 (W.D. Tenn. 2014)("even without diversity of citizenship, this Court may still have jurisdiction over Plaintiffs' claims, if federal question jurisdiction exists").  Since there is federal question jurisdiction here, the removal of the case was proper.  That being so, it is recommended that the motion to remand (Doc. 5) be denied.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made,

together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                            <u>/s/ Terence P. Kemp</u>
                                            United States Magistrate Judge