# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DISHAWN A. JACKSON, | : | |
| Plaintiff, | : | Case No. 2:16-cv-0977 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| OLD DOMINION FREIGHT LINE, | : | Magistrate Judge Kemp |
| Defendant. | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff Dishawn A. Jackson's Objection (Doc. 10) to Magistrate Judge Kemp's October 19, 2016 **Report and Recommendation** (Doc. 7), recommending that the Court deny Plaintiff's motion to remand this action to the Franklin County Court of Common Pleas. Upon independent review by the Court, and for the reasons set forth below, Plaintiff's Objections are hereby **OVERRULED** and the Court **ACCEPTS** the Magistrate Judge's **Report and Recommendation**. Accordingly, Plaintiff's motion to remand is **DENIED**.

## I. BACKGROUND

Jackson filed this lawsuit in the Franklin County Court of Common Pleas, asserting claims against his former employer, Defendant Old Dominion Freight Line, Inc. The Complaint (Doc. 3) alleges that Plaintiff was fired for creating a hostile work environment and purportedly fighting on company property. Jackson, however, asserts that his firing was motivated by his use of FMLA leave, and claims that he was not given a proper COBRA notice. He also brings state law claims against Old Dominion.

1

Old Dominion removed the case (Doc. 1) to this Court under 28 U.S.C. § 1441(b), asserting that removal is appropriate under this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331 (giving district courts original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States"). Jackson moved to remand the case to state court. (Doc. 5.) In October 2016, Magistrate Judge Kemp issued a Report and Recommendation, recommending that Jackson's motion to remand be denied. (Doc. 7.) Shortly thereafter, Jackson improperly filed another motion to remand. (Doc. 9.) He also objected to the Report and Recommendation on November 7, 2016.[1] (Doc. 10.)

## II. LAW AND ANALYSIS

This Court, upon objection, is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).

In his Report and Recommendation, Magistrate Judge Kemp properly determined that because Old Dominion removed this action to federal court based on federal question jurisdiction, Jackson's arguments that the case should be remanded due to the parties' lack of diversity of citizenship were not well taken. (*See* Doc. 7 at 1–2.) In objecting to the Report and Recommendation, Jackson argues that, although he brings claims under the FMLA, a federal law, he also brings state law claims and that "[f]ederal law does not preempt the [s]tate law in this case." (Doc. 10 at 1.) It appears that Jackson is arguing that, because the FMLA does not preempt state law causes of action, and because he is bringing both federal and state claims, his case should be remanded to state court.

---

[1] Because Jackson was not entitled to file a second motion to remand, and because his objections to Magistrate Judge Kemp's Report and Recommendation are identical to the arguments raised in his second motion, the Court will consider only Jackson's objections.

It is clear, however, that federal jurisdiction and preemption are two wholly separate concepts. Jackson does not deny that he brings claims under the FMLA and COBRA, which arise directly under federal law and appear on the face of his complaint. (*See* Doc. 7 at 2.) Old Dominion therefore properly invoked this Court's federal question jurisdiction. The fact that Jackson may bring state law claims in addition to his FMLA and COBRA claims in no way affects the jurisdictional analysis, and in fact, the Court may exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(a).

### III. CONCLUSION

Based on the foregoing, Plaintiff's Objection is hereby **OVERRULED**, (Doc. 10), and the Court **ACCEPTS** the Magistrate Judge's **Report and Recommendation**. (Doc. 7.) Accordingly, Jackson's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

    s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**DATED: June 12, 2017**    **UNITED STATES DISTRICT JUDGE**