# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DISHAWN A. JACKSON,**

    **Plaintiff,**

           **Civil Action 2:16-cv-977**
           **Judge Algenon L. Marbley**
  **v.**        **Magistrate Judge Chelsey M. Vascura**

**OLD DOMINION FREIGHT LINE,**

    **Defendant.**

## ORDER

This matter came before the Court for an in-person conference on October 4, 2017. Plaintiff, who is proceeding without the assistance of counsel, and counsel for Defendant attended. This Order memorializes the results of that conference.

During the conference, the Court discussed the pending discovery motions, including Plaintiff's Motion to Compel (ECF No. 41), Plaintiff's Motion to Expedite and Increase the Number of Depositions (ECF No. 44), Defendant's Motion to Compel (ECF No. 48), and Defendant's Motion for a Protective Order (ECF No. 50). The parties also acknowledged that Defendant's Motion for Summary Judgment (ECF No. 60) has been fully briefed.

The Court **GRANTED IN PART AND DENIED IN PART** Plaintiff's Motion to Expedite and Increase the Number of Depositions (ECF No. 44), in which Plaintiff sought leave to depose seven individuals and to exceed the ten-deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i). Plaintiff indicated that since filing the Motion, he has deposed three of the individuals at issue (Craig Evans, Dave Pompi, and Daniel Hayes), bringing the total number

of depositions he has taken to nine. Upon review of the parties' briefing and hearing the parties' respective arguments during the conference, the Court found that Plaintiff had not sufficiently demonstrated a particularized need to take extra depositions.

Although Plaintiff did not timely notice a tenth deposition, the Court concluded that given his *pro se* status and the pendency of his timely Motion to Increase the Number of Depositions, he is entitled to take a tenth deposition. Plaintiff identified Ricardo Calon and Dorina Cox as two individuals he may want to depose, both of whom were identified in his Motion to Increase the Number of Depositions (ECF No. 44). Consistent with Defendant's representations in its Motion for a Protective Order (ECF No. 50), Defense counsel represented during the conference that Ms. Cox was neither a decision-maker nor a witness to the events resulting in Plaintiff's discharge. Based upon these representations, the Court agreed that Defendant had shown good cause for why discovery should be limited so as to preclude Plaintiff from taking Ms. Cox's deposition. Defense counsel indicated that Defendant did not, however, object to Plaintiff utilizing his tenth deposition to depose Mr. Calon. Plaintiff has not yet determined whether he will take Mr. Calon's deposition. If he intends to depose Mr. Calon, he must do so **ON OR BEFORE DECEMBER 4, 2017**. These rulings render Defendant's Motion for a Protective Order (ECF No. 50) moot with the exception of Defendant's request for an order requiring Plaintiff to pay Defendant's costs of filing the Motion. The Court finds that Plaintiff's status as a *pro se* litigant and the good-faith bases he identified during the conference for seeking extra depositions "make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(a)(iii). Defendant's request for costs is therefore **DENIED** and the remainder of its Motion for a Protective Order (ECF No. 50) is **DENIED AS MOOT**.

Plaintiff indicated that in the event he deposes Mr. Calon, he may want to use Mr. Calon's deposition testimony to supplement his Response in Opposition to Defendant's Motion for Summary Judgment (ECF No. 63). The Court advised Plaintiff that given that briefing on Defendant's Motion for Summary Judgment is complete, the Court would not consider this additional evidence absent a successful motion for leave to supplement his Response in Opposition. The Court further advised that absent a successful motion to stay the resolution of Defendant's Motion for Summary Judgment, there is no guarantee that the Court would not issue a ruling on Defendant's Motion for Summary Judgment before Plaintiff had an opportunity to depose Mr. Calon.

Relatedly, the parties agreed that *none* of the discovery that is the subject of their Motions to Compel (ECF Nos. 41 and 48) is required by either party to support or oppose Defendant's Motion for Summary Judgment. The parties further agreed that resolution of the pending Motion Summary Judgment could narrow the scope of the parties' discovery disputes. In light of these agreements, the parties agreed that the Court's denial of those motions, subject to renewal, will not impede either party in litigating this action through the decision on the Motion for Summary Judgment and could ultimately save the parties time and money. Accordingly, the parties' Motions to Compel (ECF Nos. 41 and 48) are **DENIED WITHOUT PREJUDICE TO RENEWAL** following the Court's resolution of Defendant's Motion for Summary Judgment (ECF No. 60). If, following the Court's resolution of Defendant's Motion for Summary Judgment, either party seeks to pursue the discovery that is the subject of these Motions to Compel (ECF Nos. 41 and 48), that party must request a conference **WITHIN FOURTEEN DAYS** of the Court's decision on Defendant's Motion for Summary Judgment.

Finally, during the conference, the Court encouraged the parties to re-evaluate their positions regarding settlement and to contact the Court in the event that they believed additional mediation might be fruitful. The Court further notes that should the parties desire to mediate, the Court would entertain a motion by Plaintiff for appointment of counsel for the limited purpose of mediation to assist him in evaluating his claims.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE